# UNIFORM DURABLE POWER OF ATTORNEY

I, DONALD R. RUSSELL, of Broken Arrow, Wagoner County, Oklahoma, do hereby execute this Uniform Durable Power of Attorney with the intention that the attorney-in-fact hereinafter named shall be able to act in my place in all matters.

### SECTION 1. Designation of Attorney.

1.01  I constitute and appoint my daughter, BRENDA G. KENNEMER, of Broken Arrow, Oklahoma, to be my attorney-in-fact to act for me, in my name and in my place.

### SECTION 2. Effective Date of Power of Attorney.

2.01  This Uniform Durable Power of Attorney shall become effective upon my disability or incapacity and shall not be effective until then.

2.02  In lieu of a judicial determination of my disability or incapacity, I shall be presumed to be disabled or incapacitated (and this Uniform Durable Power of Attorney shall become effective) upon presentation of a notarized statement to that effect from (a) my regular physician, or (b) two other physicians selected by my attorney-in-fact.

2.03  Any person, organization or entity to whom a statement referred to in Section 2.02 is presented may rely on such statement as evidencing my continuing disability.

2.04  This Uniform Durable Power of Attorney is executed under the provisions of Title 58, Oklahoma Statutes §§ 1071-1077, and shall be valid and binding upon me until revoked or terminated.

### SECTION 3. Powers.

3.01  My attorney-in-fact shall have all the powers, directions, elections and authorities granted by statute, common law, and under any rule of court. In addition thereto, and not in limitation thereof, my attorney-in-fact shall also have the powers set forth below.

3.02  My attorney-in-fact may collect and receive, with or without the institution of suit or other legal process, all debts, moneys, gifts, objects, interest, dividends, annuities, and demands that now are due or may hereafter become due, owing or otherwise payable or belonging to me. My attorney-in-fact may use and take all lawful actions in my name or otherwise to recover the same and to compromise the same.


DEFENDANT'S EXHIBIT A

3.03. My attorney-in-fact may sell, convey, lease, exchange, mortgage, pledge, release, hypothecate, or otherwise deal with, dispose of, exchange, or encumber any of my property, either real or personal. This shall include the power to borrow money or otherwise obtain credit, upon such terms, conditions and covenants as my attorney-in-fact considers to be appropriate. This shall also include the power to transfer any of my property to the trustee(s) of any revocable *inter vivos* (living) trust established by me.

3.04 My attorney-in-fact may appear on my behalf in any litigation in which I am or may become a party during the duration of this Uniform Durable Power of Attorney.

3.05 My attorney-in-fact may waive any or all dower rights which I may have in real or personal property.

3.06 My attorney-in-fact may give discharges, releases, consents and receipts on my behalf.

3.07 My attorney-in-fact shall have the power to deposit funds in my name in any banking or savings institution or in any money-market account, whether or not insured.

3.08 My attorney-in-fact shall have the power to pay any and all bills, accounts, claims, and demands now due by me or becoming due by me subsequent to the execution of this Uniform Durable Power of Attorney. In connection therewith, my attorney-in-fact may withdraw funds from and draw and sign checks in my name upon any bank or trust company, savings institution, or money-market fund in which I may have any funds on deposit or in any new account opened in my name.

3.09 My attorney-in-fact may endorse all checks drawn to my order for deposit in any account in which I have funds on deposit.

3.10 My attorney-in-fact shall have the power to hold, invest, reinvest and otherwise deal with and manage all property in which I have any interest.

3.11 My attorney-in-fact shall have the power to transfer or surrender any securities which I may own. In connection therewith, my attorney-in-fact may execute in my name or on my behalf any stock power or other instrument in order to effect such transfer or surrender.

3.12 My attorney-in-fact shall have the power to enter into or renew any agency or custodian agreement with any bank or trust company at my expense for the investment or safekeeping of any property. This shall include the power to revoke any agency or custodian agreement, whether the agreement is entered into by me, by my attorney-in-fact, or by any other person.

3.13 My attorney-in-fact shall have unrestricted access to, and the right to enter into, any safety deposit box, vault, storage warehouse or other depository which I may own, which may be registered in my name, or in which any property may be held for me.

3.14 My attorney-in-fact shall have the power to bargain for, contract for, purchase, receive, lease, or otherwise acquire in my name, for my account or on my behalf property of any kind, real or personal, tangible or intangible, including, but not limited to, United States Treasury Bills, Notes, Bonds and other obligations of the United States Government or any of its agencies which may be used, pursuant to Section 6312 of the Internal Revenue Code and the Regulations thereunder (as the same may be in effect from time to time), in payment of the tax imposed by Section 2001 of said Code as it may be in effect from time to time.

3.15 My attorney-in-fact shall have the power to prepare, make, execute and file any and all federal, state, local or other tax returns, claims for refunds, or declarations of estimated tax. This power shall include the power to represent me (directly or through attorneys, accountants, or other agents) in any matter before the Internal Revenue Service or any other federal, state or local agency. In connection with such representation, my attorney-in-fact may execute consents extending the statutory period for the assessment or collection of taxes, may pay all taxes and interest thereon which I may properly owe or which may be assessed against me, and may contest the validity of any proposed assessment.

3.16 My attorney-in-fact may sell, convey, lease, contract and otherwise deal with any oil, gas or other mineral interests of any kind whatsoever, and wherever situated, which I may own, or which I may acquire in the future. This shall include, but not be limited to, the power to execute oil, gas, or other mineral or royalty deeds, leases, transfer and division orders, joint operating agreements, unitization agreements, gas sales contracts, or other instruments of any kind which may be desirable or necessary in the conduct of any ongoing or future oil and gas business transactions.

3.17 My attorney-in-fact may sell, convey, lease, exchange, mortgage, contract, and otherwise deal with any real property interests of any kind whatsoever, wherever situated, which I may own, or which I may acquire in the future.

3.18 My attorney-in-fact shall have the power to execute, seal, acknowledge and deliver any instruments, documents or papers deemed necessary, advisable or expedient with respect to any property.

3.19 My attorney-in-fact shall have the power to care for my person, with full and complete authority to make any applicable decisions concerning any medical care on my behalf, including the right to give consent to or approval for the performance of any type of medical procedure or examination, including, but not limited to physical or psychological therapy, and to execute all necessary documents in connection with any past, present, or future stay in or admission to any hospital and/or nursing care facility,

including releases and hospital insurance and Medicare claims, or in connection with any Social Security and/or disability benefits.

3.20  My attorney-in-fact may act in all matters with respect to all powers described herein as freely, fully, and effectively as I could or might do personally if present and of sound and disposing mind.

### SECTION 4. Ratification; Use of Photocopy; Revocation of Prior Powers.

4.01  I hereby ratify, allow, acknowledge, and hold firm and valid all acts heretofore or hereafter taken by my attorney-in-fact by virtue of these presents.

4.02  I hereby authorize the use of a photocopy of this Uniform Durable Power of Attorney, in lieu of the original copy executed by me, for the purpose of effectuating the terms and provisions hereof.

4.03  I hereby revoke, annul and cancel any and all general powers of attorney previously executed by me, if any, and the same shall be of no further force or effect. However, I do not intend in any way in this instrument to affect, modify, or terminate any special, restricted or limited power or powers of attorney I previously may have granted in connection with any banking, borrowing or commercial transaction.

### SECTION 5. Designation of Conservator or Guardian.

5.01  I request that no conservatorship or guardianship proceeding for my property be instituted in the event of my disability, it being my intention that this Uniform Durable Power of Attorney shall permit my attorney-in-fact to act on my behalf.

5.02  In the event that it becomes necessary for any court to appoint a conservator or guardian for my property and/or persons, I direct that my daughter, BRENDA G. KENNEMER shall serve as such conservator or guardian.

5.03  Any conservator or guardian who at any time shall be appointed by any court shall be excused from the necessity of giving bond.

WITNESS my hand this 7th day of April, 1999.

*/s/ Donald R. Russell*
DONALD R. RUSSELL

Broken Arrow, Wagoner, Oklahoma
City, County and State of Residence

The principal is personally known to me and I believe the principal to be of sound mind. I am eighteen (18) years of age or older. I am not related to the principal by blood or marriage, or related to the attorney-in-fact by blood or marriage. The principal has declared to me that this instrument is his power of attorney granting to the named attorney-in-fact the power and authority specified herein, and that he has willingly made and executed it as his free and voluntary act for the purposes herein expressed.

WITNESSES:                                ADDRESS:

_Amy McComber_                            8213 South Peach Avenue
                                          Broken Arrow, Oklahoma 74011

_Scott Eudey_                             106 North Main Street
                                          Broken Arrow, Oklahoma 74012


STATE OF OKLAHOMA    )
                     ) ss.
COUNTY OF TULSA      )

Before me, the undersigned, a Notary Public, in and for said county and state, on this 7th day of April, 1999, personally appeared DONALD R. RUSSELL, principal, and Amy McComber and Scott R. Eudey, witnesses, whose names are subscribed to the foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the principal declared to me and to the said witnesses in my presence that the instrument is his power of attorney, and that the principal has willingly and voluntarily made and executed it as the free act and deed of the principal for the purposes therein expressed, and the witnesses declared to me that they were each eighteen (18) years of age or over, and that neither of them is related to the principal by blood or marriage, nor related to the attorney-in-fact by blood or marriage.

_Sharon Ross_
Notary Public

My Commission Expires:
_3-6-03_

5

## ACCEPTANCE

I do hereby accept this appointment this __7th__ day of __April__, 1999.

*Brenda G. Kennemer*
BRENDA G. KENNEMER

STATE OF OKLAHOMA  )
                  ) ss.
COUNTY OF TULSA    )

Before me, the undersigned, a Notary Public, in and for said county and state, on this __7th__ day of __April__, 1999, personally appeared BRENDA G. KENNEMER, to me known to be the identical person who executed the within and foregoing instrument, and acknowledged to me that she has willingly and voluntarily made and executed it as her free act and deed for the uses and purposes therein expressed.

*Sharon Ross*
Notary Public

My Commission Expires:
__3-6-03__