**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUZANNE RUSSELL, not individually, but as GUARDIAN of DONALD R. RUSSELL, an incapacitated person,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHASE INVESTMENT SERVICES, CORP., a Delaware corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 06-CV-538-GKF-PJC<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**COMES NOW**, Defendant, Chase Investment Services, Corp. ("Chase"), and in accordance with the Amended Scheduling Order (docket number 23), submits the following Proposed Findings of Fact and Conclusions of Law:

**PROPOSED FINDINGS OF FACT**

1. On April 7, 1999, Donald R. Russell executed a written Uniform Durable Power of Attorney naming Brenda Kennemer as his attorney-in-fact effective upon his incapacity.

2. On June 17, 1999, Donald R. Russell contracted with Chase for it to act as custodian of his IRA, account number 60L-277385 (the "IRA").

3. On June 17, 1999, Donald R. Russell arranged for Chase to make monthly distributions from his IRA in the amount of $1,000.00.

4. On or about April 23, 2000, Donald R. Russell became incapacitated.

5. Brenda Kennemer was Donald R. Russell's attorney-in-fact pursuant to the Uniform Durable Power of Attorney after Russell became incapacitated.

6.      After Donald R. Russell became incapacitated the Wagoner County District Court appointed Brenda Kennemer and Suzanne Russell as Donald R. Russell's co-guardians on February 26, 2001.

7.      On October 30, 2001, the Wagoner County District Court allowed for Brenda Kennemer to be paid $1,500.00 per month for her services and full time care for Donald R. Russell.

8.      Donald R. Russell's Uniform Durable Power of Attorney naming Brenda Kennemer as his attorney-in-fact upon his disability or incapacity was never revoked.

9.      The money withdrawn from Donald R. Russell's IRA at the request of Brenda Kennemer was deposited into a checking account at Arkansas Valley State Bank, account number 135145, held jointly in the name of Brenda Kennemer, Donald R. Russell and Suzanne Russell.

11.     In 2002, Chase made distributions from the IRA totaling $22,000.00, pursuant to Donald R. Russell's continuing $1,000 monthly distribution instruction, and additional distribution instructions totaling $10,000.00 from Brenda Kennemer under authority of the POA.

12.     In 2003, Chase made distributions from the IRA totaling $12,000, pursuant to Donald R. Russell's continuing $1,000.00 monthly distribution instruction.

13.     In 2004, Chase made distributions from the IRA totaling $34,000.00, pursuant to Donald R. Russell's continuing $1,000 monthly distribution instruction, and additional distribution instructions totaling $24,000.00 from Brenda Kennemer under authority of the POA.

14.     In 2005, Chase made distributions from the IRA totaling $54,850.00, pursuant to Donald R. Russell's continuing $1,000 monthly distribution instruction, and additional distribution instructions totaling $42,850.00 from Brenda Kennemer under authority of the POA.

15.     For the tax years 2002-2005, the foregoing distributions were reflected in IRS Form 1099 issued by Chase each year, and in IRS Form 1040 filings completed and filed by or on behalf of Donald R. Russell and Suzanne Russell. Each Form 1040 was signed by Suzanne Russell, and reflected taxes paid on these distributions by Donald R. Russell and Suzanne Russell.

16.     Some, if not all of the distributions from the IRA were deposited into the checking account at Arkansas Valley State Bank, account number 135145 (the "Arkansas Valley Account"). Plaintiff received regular, monthly account statements for the Arkansas Valley Account during the period 2001 through 2004, which reflected the deposit of these distributions. Plaintiff was an authorized signer on the Arkansas Valley Account at all times, wrote numerous checks on that account during the same period.

17.     Neither of Donald R. Russell's co-guardians filed a yearly accounting with the Wagoner County District Court from 2001 through 2005, as required by Oklahoma law.

18.     Ms. Kennemer died on or before July 15, 2005. At no time prior to Ms. Kennemer's death did Plaintiff express to either Chase or to the Wagoner County District Court, any objection to the distributions being made from the IRA.

19.     In addition, Plaintiff had full access and use of the funds withdrawn from the IRA and deposited into Arkansas Valley State Bank.

## PROPOSED CONCLUSIONS OF LAW

1.     All distributions made from the IRA were in accordance with instructions by Donald R. Russell, his Attorney in Fact, and/or his Co-Guardians.

2.     All funds distributed from the IRA remained within the custody and control of Donald R. Russell, his Attorney in Fact, and/or his Co-Guardians and when deposited into the

Arkansas Valley Account

3. Donald R. Russell's Uniform Durable Power of Attorney naming Brenda Kennemer as his attorney-in-fact was not automatically revoked upon institution of the guardianship.

4. Chase Investment Services, Corp. was entitled to rely upon the powers granted to Brenda Kennemer in Donald R. Russell's Uniform Durable Power of Attorney in making distributions directed by Brenda Kennemer.

3. The Uniform Durable Power of Attorney gave Brenda Kennemer the authority to withdrawal funds from Donald R. Russell's IRA.

4. Chase Investment Services, Corp. did not owe Donald R. Russell a fiduciary duty as custodian of his IRA.

5. Alternatively, Plaintiff's breach of fiduciary duty claims against Chase Investment Services, Corp. for any distribution made prior to September 11, 2004, two years from the date of filing of this action, are barred by Oklahoma's 2 year statute of limitations. Okla Stat. tit. 12 § 95.

6. Plaintiff's failure to timely notify Chase of alleged errors (unauthorized distributions) appearing on Chase's monthly account statements precludes Plaintiff's recovery of any damages for any distribution made prior to July 3, 2005, pursuant to Okla. Stat. tit. 12A § 4-406.

7. Plaintiff's claims are barred by the doctrine of estoppel because: Chase mailed and made account statements for the IRA available to Plaintiff; Plaintiff had actual knowledge of the withdrawals from the IRA when she signed her tax returns and paid taxes for 2002, 2004 and 2005; and Plaintiff failed to object to the withdrawals from the IRA until September 11, 2006 when this lawsuit was filed.

8. Plaintiff's claims are barred by the doctrine of laches because Plaintiff failed to object

to distributions from the IRA when she became aware of the first $10,000.00 withdrawal by Kennemer in 2002. Additionally, Plaintiff failed to file a yearly accounting with the Wagoner County District Court.

9. The Court finds in favor of Chase and against Plaintiff on Plaintiff's claim for breach of fiduciary duty.

10. The Court finds in favor of Chase and against Plaintiff on Plaintiff's claim that Chase allowed withdrawals from the IRA without court authority.

11. Donald R. Russell did not suffer any damages as a result of any conduct by Chase Investment Services, Corp.

Respectfully submitted,

**JONES, GOTCHER & BOGAN, P.C.**

By: s/Tadd J.P. Bogan
James E. Weger, OBA 9437
Tadd J.P. Bogan, OBA 20962
15 East 5th Street, Suite 3800
Tulsa, Oklahoma 74103
Telephone:   (918)581-8200
Facsimile:    (918)583-1189
jweger@jonesgotcher.com
tbogan@jonesgotcher.com
**ATTORNEYS FOR DEFENDANT**