**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUZANNE RUSSELL, not individually, but as GUARDIAN of DONALD R. RUSSELL, an incapacitated person,<br><br>    Plaintiff,<br><br>vs.<br><br>CHASE INVESTMENT SERVICES CORP., a Delaware corporation,<br><br>    Defendant. | Case No. 06-CV-538 -GKF-PJC |

**OPINION AND ORDER**

On this 8th day of June, 2009, this matter came before the court for Final Pretrial Conference. Lawrence A. G. Johnson appeared for plaintiff Suzanne Russell ("Russell"). James E. Weger and Tadd J. P. Bogan appeared for defendant Chase Investment Services Corp. ("Chase"). The matter also comes on for hearing on Russell's recent Motion to Substitute or Intervene as Party and to Amend Pleadings [Docket Nos. 101 & 102].

On September 11, 2006, Russell filed this case in the District Court of Tulsa County, Oklahoma in her capacity as guardian of Donald R. Russell, an incapacitated person. Chase removed the action to this court on October 3, 2006. On June 6, 2008, the court held a Pretrial Conference and ordered the parties to file simultaneous briefs on two specified legal issues. On October 2, 2008, this court ruled on those two legal issues, specifically, that (1) a guardianship does not automatically revoke or nullify a durable power of attorney; and (2) the appointment of a general guardian does not withdraw all of the assets from the estate of a ward subject to a power of attorney. At the Final Pretrial Conference held October 6, 2008, the parties agreed to certify the following question of law to the Oklahoma Supreme Court:

> Does the appointment of a general guardian withdraw all of the assets from the estate of a ward subject to a durable power of attorney, such that the person holding power of attorney is without authority to control the ward's assets?

On April 7, 2009, the Oklahoma Supreme Court answered that the appointment of a general guardian of the property does not automatically withdraw all of a ward's assets such that an attorney-in-fact is without power to act on a ward's behalf pursuant to a durable power of attorney.

In her Answer brief filed with the Oklahoma Supreme Court, Russell stated that "an answer [to the certified question] will be dispositive of the issues pending in federal court . . ." *See* Docket No. 103-2, pg. 12 of 14. Now, following the Supreme Court's answer to the certified question, Russell wishes to abandon her present claims, and embark upon a wholly new claim – that Chase breached a fiduciary duty owed to her individually to preserve her right to a joint and survivor annuity. Upon consideration of the briefs and the arguments of counsel, the Motion to Substitute or Intervene as Party and to Amend Pleadings are denied, for the following reasons:

1. Counsel for Russell admitted at hearing that Russell had not yet been appointed Executor of the Estate of Donald R. Russell. Moreover, any claims Russell would have in that capacity are no different than the claims she had in her capacity as Guardian of Donald R. Russell, and those claims have been disposed of by the Supreme Court's answer to the certified question.

2. The claim Russell now seeks to raise is entirely new. In contrast with the current claim she wishes to abandon in her representative capacity, her new claim would be made in her individual capacity. The new claim raises new issues, including but not limited to: what the applicable statute of limitations is; when the statute of limitations began to run; and whether the claim, which is premised on an IRA purchased by her husband, actually arises under ERISA. This court is disinclined to permit the plaintiff to raise an entirely new claim, in an entirely different capacity, at

this late date. The court previously granted plaintiff the opportunity to amend her Complaint, some twenty (20) months ago. *See* Amendment to Complaint filed 10/08/2007 [Docket No. 55]. The recent motion to amend comes too late, and the proposed new claim is "tenuous at best." *Walker v. Elbert*, 75 F.3d 592, 599 (10th Cir. 1996). A motion to amend is properly denied where a plaintiff is seeking to salvage a lost case by the untimely suggestion of a new theory of recovery. *Zokari v. Gates*, 561 F.3d 1076, 1086 (10th Cir. 2009).

3. Counsel for plaintiff admitted at the hearing that Russell's current claims may be dismissed, so long as the dismissal is without prejudice to the new claim Russell now seeks to raise in her individual capacity. The court's dismissal of Russell's claims made in her representative capacity as Guardian (and her potential claims in her representative capacity as Executor of the Estate of Donald R. Russell) are with prejudice, in light of the Oklahoma Supreme Court's decision. The dismissal is without prejudice to claims which Russell may make in her individual capacity.

WHEREFORE, the Motion of Suzanne Russell to Substitute or Intervene as Party and to Amend Pleadings [Docket Nos. 101 & 102] is denied. This case is hereby dismissed as more particularly set forth in paragraph three, above.

IT IS SO ORDERED this 8th day of June, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma